STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-10-229
TDW-CUM- 10/19/2011

TONYA FARRELL,

Plaintiff

v.

ORDER

STATE OF MAINE
Cumberland, ss, Clerk's Office

OCT 19 2011

RECEIVED

SCARBOROUGH OPERATIONS LLC,

Defendant.

Pursuant to its October 5 order, the court held a hearing on October 11, 2011 on defendant's motion to strike plaintiff's belatedly filed opposition to defendant's motion for summary judgment.

Based on the evidence and arguments offered at that hearing and its review of the file, the court finds as follows:

1. The parties first appeared before the court at a trial management conference on April 12, 2011. At that time the deadline for completion of discovery had passed and the case was on the court's May 2011 trial list. At the conference counsel for defendant Scarborough Operations LLC sought a one week extension of the deadline for filing a motion for summary judgment because of her need to travel to California. Counsel for plaintiff did not object but stated that certain documents he had sought in his third documents request had not been produced. That request had been made back in January, and the defense had responded in February but had not, according to plaintiff's counsel, produced some or all of the responsive documents.

2. The trial management order that issued after the April 12, 2011 conference noted that responses to document requests remained outstanding, ordered that all

discovery be completed by April 22, and extended the deadline by which Scarborough Operations could file a motion for summary judgment to the same date.

3. Scarborough Operations moved for summary judgment by April 22 but filed a motion six days later seeking leave to amend its motion for summary judgment by adding two paragraphs to its statement of material facts along with an amended affidavit to support those paragraphs. Plaintiff's counsel opposed the notion to amend, stating that the documents he had requested still had not been produced. Counsel for Scarborough Operations in turn responded by stating that she had understood plaintiff's counsel was going to follow up by identifying the specific documents that he thought had not been produced, and he had not done so.

4. In light of this dispute the case was not reached for trial in May. On June 30, 2011 the court held a discovery and status conference. At that conference plaintiff's counsel identified the specific documents he was requesting, and it is the court's recollection that defense counsel stated that some responsive documents had recently been produced and that she needed to check to make sure that there were no additional responsive documents. Plaintiff had not moved for an extension of time to respond to the pending motion for summary judgment, but at that point there was an open question whether plaintiff should respond to the original motion filed on April 22 or the amended motion filed on April 28.

5. At the June 30 conference the court issued an order declining to assign responsibility as to which counsel bore responsibility for what the court described as a "misunderstanding that had derailed the motion for summary judgment and the scheduling of the case for trial." The court gave counsel for defendant a deadline of July 11 to produce any remaining documents or certify that all such documents had been produced, and ordered plaintiff to respond to the amended motion for summary

2

judgment by August 1. At that time the case was on a July-August trial list and could have been reached for trial in August if the motion had been denied.

6. Plaintiff did not respond to the amended motion for summary judgment by the August 1 deadline, nor did plaintiff's counsel seek an extension to file such a response. On August 12 plaintiff filed a legal memorandum in opposition to summary judgment, an opposition to defendant's statement of material facts, a separate statement of material facts, and an affidavit of counsel attaching certain documents and discovery materials. On August 22 the court received, without explanation, further opposition papers to the pending summary judgment motion in the form of an affidavit from plaintiff sworn to August 18, 2011.[1]

7. On August 19, 2011 Scarborough Operations filed a motion to strike plaintiff's untimely opposition to the motion for summary judgment. The motion to strike was accompanied by an affidavit from defendant's counsel stating that she had emailed a supplemental response to plaintiff's document request along with copies of the responsive documents to plaintiff's counsel on July 11 and that she also had sent copies of the documents to plaintiff's counsel by mail on July 11. Her affidavit recited that on July 26, 2011 plaintiff's counsel had emailed her to state that the documents had not been attached to her email and that she had then re-sent the same email with the attachments. Her affidavit further stated that on July 29 plaintiff's counsel sent a further email advising that some of the attachments were illegible and that she had then sent him copies of the documents by regular mail on August 4, 2011.[2]

---

[1] There are references on plaintiff's previously filed statements of material facts to this affidavit but plaintiff's counsel was unable to shed any light at the October 11 hearing as to why that affidavit was not filed with plaintiff's other papers, even though he had signed the August 18, 2011 cover letter submitting it to the court.

[2] Her transmittal letter, however, is annexed to her affidavit and is dated August 9, 2011.

3

8. In response, plaintiff's counsel filed an affidavit stating that the responsive documents had not been attached to the defense's July 11 email, that they had also not been sent to him by regular mail on July 11, and that he had informed defense counsel by email on July 26 that he did not have the documents. His affidavit recites that while copies of the responsive documents were sent to him by email on July 26, those copies were not very clear and he had requested clean paper copies on that date. His affidavit further states that although he sent three further emails requesting clean copies, he did not receive those copies until August 11.

9. At no point prior to the October 11 hearing did plaintiff's counsel request an extension from the court to file his opposition papers to the summary judgment motion after the August 1 deadline. He neither filed such a request on or before the August 1 deadline nor at any time after that deadline, even when the defense moved to strike his untimely summary judgment opposition. Moreover, plaintiff's opposition to the motion to strike did not mention the excusable neglect standard in M.R.Civ.P. 6(b) although it did argue that the defense's alleged failure to produce responsive documents by July 11 should excuse the untimely filing.

10. Based on the evidence presented at the October 11 hearing, the court finds that the responsive documents in question were sent as an attachment to defense counsel's July 11 2:36 pm email. The defense's supplemental response to plaintiff's third request for production, together with 30 pages of responsive documents, were scanned as one PDF document and attached to the July 11 email. Plaintiff's counsel acknowledged receipt of the supplemental response, demonstrating that he received the attachment,[3] but said he did not receive the responsive documents. However, the documents were part of the attachment. In fact, the same email with the same

---

[3] See Loranger email 7/26/11 at 8:16 am.

4

attachment was re-sent by defense counsel on July 26,[4] and plaintiff's counsel responded to that email by acknowledging that he had now received the documents but stating that the copies he had printed out were not very clear.[5]

11. The court cannot determine whether the responsive documents were also sent by regular mail on July 11. It is defense counsel's recollection that she gave them to a secretary on July 11 to mail out without a transmittal letter, but one of her emails expressed uncertainty on that subject.[6] In any event, however, her email transmittal was sufficient. Contrary to plaintiff's contentions, there is no requirement that documents produced in discovery be served by regular mail. Rule 34(a) requires a party to produce documents for inspection and copying, and providing pdf copies meets that obligation.[7]

12. The court understands that email and other computer technology do not always work as intended and that there are sometimes random glitches that cannot be anticipated or explained. Something of this nature might have happened with the first email transmittal in this case but that does not excuse the failure by plaintiff's counsel to request an extension.

13. Rule 6(b) requires that a motion must be filed and excusable neglect must be shown when an extension is sought after the expiration of the original deadline. If parties do not need to file motions for extensions and can decide for themselves when

---

[4] Brown email 7/26/11 at 11:39 am.

[5] Loranger email 7/26/11 at 4:07 pm, replying to Brown email 7/26/11 at 11:39 am.

[6] Brown email 7/26/11 at 10:23 am.

[7] There is a technical argument available to plaintiff that the supplemental response to plaintiff's third request for production should have been served by mail pursuant to Rule 5(b), even if there is no such requirement with respect to the documents produced. The first problem with this argument is that defendant had previously responded to plaintiff's third document request. See Defendant's Responses to Plaintiff's Third Request for Production of Documents, served on February 22, 2011. Defendant's supplemental response repeated almost verbatim the response previously made. The second problem with this argument is that plaintiff's counsel is not complaining about the non-receipt of the supplemental response. He acknowledged receipt of the supplemental response in his 7/26/11 8:16 am email.

they are justified in ignoring the deadlines set in court orders, all court deadlines become merely advisory. In this case, the best case that can be made for plaintiff is that her counsel's statements at the October 11 hearing could be construed as a belated oral request for an extension – two months after the original deadline and after the court had expressed its disapproval that no extension had been sought. This is not acceptable.

14. Even ignoring that point, however, and considering the excuse offered by plaintiff's counsel at the October 11 hearing that he thought he had 21 days from the receipt of the documents to file an opposition to the pending summary judgment motion, it is hard to find excusable neglect because the documents were in fact sent to him by email on July 11, and he therefore had 21 days to file by the August 1 deadline. Plaintiff's counsel waited 15 days to look at the July 11 email. While his later contention – after the same documents had been re-sent – that several of the documents were illegible is entitled to some sympathy, it does not justify his continued insistence that no documents were attached to the original July 11 email.[8]

15. At the same time, however, Scarborough Operations and its counsel can be faulted for not producing 30 pages of significant documents until July 11. That production complied with the final deadline in the court's June 30, 2011 order but came approximately six months after the documents had been requested by plaintiff and almost three months after the date when discovery closed and it had been understood that all remaining documents would be produced. See April 12, 2011 trial management order. The court understands that documents sometimes surface late in the game and

---

[8] Plaintiff argues that the emails he received, as opposed to the emails sent by defense counsel, do not show the presence of attachments. However, plaintiff's counsel acknowledged in emails that he had received certain attachments even when the emails from defense counsel that are attached to his affidavit do not show any attachments. See Loranger email 7/26/11 8:16 am and Loranger email 7/26/11 4:07pm, attached as part of Exhibits 1 and 2 to the October 11, 2011 Loranger affidavit.

that parties are not always prompt in responding to their counsel's requests to search for documents. However, granting defendant's motion to strike plaintiff's opposition to summary judgment under the totality of the circumstances involved here would result in a windfall to defendant given its dilatoriness in responding to discovery.

16. Excusable neglect is an equitable concept that must take account of all relevant circumstances. See 4B C. Wright & A. Miller Civil Practice and Procedure § 1165. In this case the court finds excusable neglect because defendant is not without fault when the court broadens its focus to consider the totality of the parties' actions in this case. There is no evidence that defendant was prejudiced by the 12 day delay, and on this record the court attributes the errors of plaintiff's counsel to frustration at what he believed to be a further delay in document production rather than to bad faith.

17. Accordingly, the court will not strike plaintiff's late opposition to the summary judgment motion but it will disregard the affidavit even more belatedly filed on August 22 and will impose sanctions on plaintiff's counsel for his untimely response to the motion for summary judgment without seeking or obtaining an extension of time, either before or after the fact. See Johnson v. Carleton, 2001 ME 12 ¶ 10 n. 4, 765 A.2d 571, 575 n.4 (court has discretion to sanction a party for failure to comply with any rule or order of the court).

18. Plaintiff's counsel shall be personally responsible for all the attorneys fees and costs incurred by Scarborough Operations in connection with its motion to strike, including the fees incurred for attendance at the October 11 hearing. Counsel for defendant shall submit a statement of the attorneys fees and costs incurred, including the hours spent and the hourly rate charged, within 30 days of the date of this order. Plaintiff shall have 10 days to file any response. The amount awarded shall be promptly paid to counsel for defendant without awaiting the conclusion of this action.

19. Because counsel for defendant has previously advised the court that she will be unavailable during the weeks of October 24 and 31 for medical reasons, defendant's reply papers on the pending motion for summary judgment shall be due on November 19, 2011.

The entry shall be:

Defendant's motion to strike plaintiff's opposition to summary judgment is denied. Sanctions are imposed on plaintiff's counsel as set forth above. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: October __18__, 2011

_____
Thomas D. Warren
Justice, Superior Court

STATE OF MAINE
Cumberland, ss, Clerk's Office

OCT 19 2011

RECEIVED

8

TONYA FARRELL VS SCARBOROUGH OPERATIONS DBA PINE POINT CENTER
UTN:AOCSsr  -2010-0048494                          CASE #:PORSC-CV-2010-00229
--------------------------------------------------------------------------

SEQ NO                                      REPRESENTATION TYPE      DATE

01 0000008996 ATTORNEY:BROWN, ELLA L
ADDR:MERRILLS WHARF 254 COMMERCIAL ST PORTLAND ME 04101

| F FOR: SCARBOROUGH OPERATIONS LLC | DEF | RTND | 07/30/2010 |

02 0000009294 ATTORNEY:LORANGER, GUY D
ADDR: 110 MAIN ST., SUITE 1520 SACO ME 04072

| F FOR: TONYA FARRELL | PL | RTND | 05/14/2010 |